# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1220-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.C.,

     Defendant-Appellant.

_____

Submitted November 14, 2018 - Decided December 5, 2018

Before Judges Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 04-11-2370.

Joseph E. Krakora, Public Defender, attorney for appellant (Louis H. Miron, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John J. Santoliquido, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant J.C. appeals from the denial of his petition for post-conviction relief without an evidentiary hearing. We affirm.

Defendant was charged with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a), two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b); and two counts of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), involving two victims who were under the age of thirteen. Defendant was the victims' neighbor and served as godparent to the younger victim.

The victims gave recorded statements regarding the assaults and defense counsel stipulated to the use of the victims' statements at trial. Despite the stipulation, the trial judge conducted a hearing and granted the State's motion to admit the victims' statements.

Defendant failed to appear for his trial. Defendant was tried in absentia from June 22 to June 29, 2006, and found guilty on all charges. He was sentenced to thirty-three years in prison with a twenty-eight year period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant filed a direct appeal, and we affirmed. The New Jersey Supreme Court denied defendant's petition for certification on February 17, 2016.

A-1220-17T1

Defendant filed his PCR petition on June 15, 2016. The PCR judge heard oral argument on the PCR application and denied the petition.

In his August 7, 2017 written decision denying the PCR petition, Judge Bernard E. DeLury, Jr. summarized the testimony leading to defendant's conviction. The judge found defense counsel's stipulation to the admission of the victims' recorded statements did not constitute ineffective assistance of counsel. To the contrary, the judge concluded counsel's decision was a strategic determination "reserved to the judgment and discretion of trial counsel." Even if counsel's stipulation was flawed, the judge determined defendant "was not prejudiced because the trial court, on its own, chose to conduct a hearing as to whether the videotaped statements could be admissible under the tender years exception to the hearsay rule," and concluded the statements made by the two minor victims regarding the sexual assaults were admissible. Therefore, defendant was not prejudiced by the stipulation. Because the trial judge held a hearing and found the videotaped statements were admissible, the PCR judge found defendant was not prejudiced by defense counsel stipulating to the admission of the statements.

The PCR judge also rejected defendant's argument that his trial counsel was ineffective based on his failure to cross-examine the victims. The judge

3

concluded defense counsel's decision was "a strategic choice to forego an attack of the credibility and reliability of very young children who are alleged victims of sexual assault during cross-examination." The judge found defense counsel effectively attacked the inconsistencies between the children's recorded statements and their in-court testimony during closing argument.

The judge made the same determination regarding trial counsel's failure to cross-examine the State's expert witness. Because the State's expert witness was not permitted to testify regarding information specific to these victims, "the defense ha[d] little to gain by allowing a trained and experienced witness to remain on the stand" and defendant's trial counsel made an appropriate tactical decision.

In addition, the PCR judge rejected defendant's argument that his trial counsel failed to undertake an active defense on his behalf during the trial. The judge wrote:

> [Defendant] took it upon himself to not appear at his own trial. If [defendant] wished to participate more in his defense at trial, and guide his attorney's strategic decisions, he should have attended his own trial. By [defendant's] willful and culpable failure to attend trial, the [d]efendant placed his trial counsel in a nearly untenable position. Trial counsel, mindful of the eyes of the jurors upon an empty chair, likely strategized that frequent objections throughout trial would only draw attention to the fact that [defendant] did not attend his

4

own trial. The [c]ourt's instructions to the jury to decide the case fairly despite [defendant's] absence notwithstanding, experienced trial counsel know[] that jurors are human. Dealing with the absence of his client, trial counsel had little choice but to minimize the fact of the [d]efendant's absence. Trial counsel was not ineffective as he made proper strategic choices upon having to represent his absent client, against charges of sexual assault on two children.

Defendant raises the following arguments:

POINT I

THE PCR COURT ERRED IN RULING THAT J.C. RECEIVED EFFECTIVE ASSISTANCE OF COMPETENT TRIAL COUNSEL.

A.    The <u>Strickland-Cronic-Fritz</u> Standard.

POINT II

TRIAL COUNSEL'S CUMULATIVE ERRORS MANDATE THAT J.C.'S CONVICTIONS BE REVERSED OR, IN THE ALTERNATIVE, THAT J.C. BE AFFORDED AN EVIDENTIARY HEARING.

A-1220-17T1

## POINT III

## THE PCR COURT SHOULD HAVE CONDUCTED AN EVIDENTIARY HEARING TO ADDRESS THE CLAIMS RAISED BY DEFENDANT.

To establish a prima facie claim of ineffective assistance of counsel, a convicted defendant must satisfy the two-part test by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Strickland v. Washington, 466 U.S. 668, 682 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987).

In reviewing ineffective assistance claims, courts apply a strong presumption that a defendant's trial counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy[.]" Fritz, 105 N.J. at 54 (citation omitted). "To establish a prima facie claim of ineffective assistance of counsel, a defendant must demonstrate a reasonable likelihood of succeeding under" the Strickland/Fritz test. See State v. Preciose, 129 N.J. 451, 463 (1992). To demonstrate the likelihood of succeeding under the Strickland/Fritz test, a defendant "must do more than make bald assertions[,] . . . [and] must allege facts sufficient to

6

demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Based on our review of the record, we are satisfied that defendant's claim of ineffective assistance of counsel is without merit for the reasons set forth in Judge DeLury's comprehensive and convincing written decision. The strategy advanced by defendant's trial counsel was a proper exercise of judgment given the age of the victims and allegations of sexual assault. Under these circumstances, the judgments and decisions made by trial counsel were an exercise of sound and reasonable trial strategy. See State v. Arthur, 184 N.J. 307, 332-33 (2005). The mere fact that a trial strategy failed does not establish a constitutional claim of inadequacy. Fritz, 105 N.J. at 54.

We are satisfied defense counsel's actions did not fall below the requisite standard under either prong of the Strickland/Fritz test. Without presenting a prima facie case of ineffective assistance of counsel, defendant was not entitled to an evidentiary hearing on those issues. See Preciose, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1220-17T1